IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAYWOOD JOHNSON, | § | |
| | § | |
| Defendant Below, | § | No. 34, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1705014383A |
| | § | 1705014383B |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 24, 2019
Decided: May 28, 2019

Before **STRINE,** Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Haywood Johnson, appeals from the Superior Court's denial of his first motion for postconviction relief.  The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Johnson's opening brief that the appeal is without merit.  We agree and affirm.

(2)     The record reflects that Officer MacNamara of the Wilmington Police Department received a tip from a confidential informant that a man of a certain description had been selling drugs from a white conversion van in a particular block of Windsor Street and that the informant had observed the subject with a semi-

automatic handgun that was concealed in the van. Officer MacNamara went to the identified block of Windsor Street and saw a man fitting the description provided by the informant, sleeping in the back seat of a white van. Officer MacNamara knocked on the window of the van. As the man, who turned out to be Johnson, opened the van door, the officer saw, in plain view, a bag containing what appeared to be heroin and marijuana packaged for sale. Officer MacNamara then ordered Johnson to exit the van, which Johnson did. Johnson then attempted to flee, but was taken into custody by other officers. Another officer, Corporal Lynch, arrived on the scene as officers were struggling with Johnson. Corporal Lynch looked into the open door of the van and saw a bag containing what appeared to be bags of heroin and also saw, in the top of the cargo pocket on the back of the front passenger seat, a gun that was partially obscured from view by a blue towel. Corporal Lynch prepared an affidavit of probable cause to obtain a warrant to search the van. After obtaining the warrant, officers searched the van and found a semi-automatic handgun and illegal drugs packaged for sale.

(3) A grand jury indicted Johnson on four counts of Possession or Control of a Firearm by a Person Prohibited, three counts of Possession or Control of Ammunition for a Firearm by a Person Prohibited, Carrying a Concealed Deadly Weapon, Aggravated Possession (Heroin) In a Vehicle, Aggravated Possession (Cocaine) in a Vehicle, and Resisting Arrest. Before trial, Johnson's counsel moved

to suppress all evidence seized as a result of the search warrant, arguing that Johnson was unlawfully seized and arrested and that the search warrant was improper, based on Johnson's claim that certain statements made by Corporal Lynch in the affidavit of probable cause were inconsistent with statements made by Officer MacNamara in his police report. On December 1, 2017, the Superior Court held a hearing on the suppression motion, at which Officer MacNamara and Corporal Lynch testified. The Superior Court denied the motion to suppress, holding that the requirement for a search warrant was excused based on the plain view exception and the automobile exception, and that therefore any inconsistencies between the facts stated in the affidavit of probable cause and those stated in the police report did not warrant suppression. The court further held that had a warrant been required, the affidavit demonstrated probable cause for the search even if the purportedly inconsistent statements were not considered.

(4) On December 12, 2017, Johnson pleaded guilty to one count of Possession of a Firearm by a Person Prohibited and one count of Aggravated Possession (Heroin) in a Vehicle. In exchange for the guilty plea, the State agreed to dismiss the remaining charges, as well as not to pursue charges of violation of probation that were outstanding at the time of his arrest and that exposed him to up to thirty-five years of back time on sentences for prior convictions. The Superior

3

Court sentenced Johnson to a total of thirty years' incarceration, suspended after seven years for probation. Johnson did not file a direct appeal.

(5) In July 2018, Johnson filed a motion for postconviction relief. Johnson argued that his counsel provided ineffective assistance because he did not sufficiently investigate the case and because he did not make additional arguments that Johnson wanted to make in support of the suppression motion. Johnson also asserted that the search and seizure were illegal and that the State violated *Brady v. Maryland*[1] by withholding evidence of misconduct by Carl Rone, a ballistics expert who does not appear to have had any involvement in this case. The motion for postconviction relief was referred to a Commissioner for a report and recommendation under Superior Court Rule 62. The State filed a response in opposition to the motion, and trial counsel submitted an affidavit and documentation detailing the investigation that counsel conducted and addressing the advice provided to Johnson regarding the suppression issues and potential trial strategy.

(6) On December 6, 2018, the Commissioner entered a report and recommendation in which she concluded that Johnson's claims other than his claims of ineffective assistance of counsel were procedurally barred because either they had not been raised in the proceedings leading to the judgment of conviction or because

---

[1] 373 U.S. 83 (1963).

they had been formerly adjudicated.[2]  With respect to Johnson's claims of ineffective assistance of counsel, the Commissioner determined that Johnson had neither overcome the presumption that counsel's conduct was professionally reasonable, nor shown that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's errors, Johnson would not have pleaded guilty and would have proceeded to trial.  The Commissioner therefore recommended that the court deny Johnson's motion.

(7)     Johnson did not file any objections to the Commissioner's report.[3]  On January 7, 2019, the Superior Court adopted the report and denied Johnson's motion for postconviction relief.  Johnson has appealed to this Court.

(8)     We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[4]  Superior Court Rule 62(b) provides that a "party . . . appealing the findings of fact and recommendations of a Commissioner under subparagraph (5) who fails to comply with the provisions of this rule may be subject to dismissal of said . . . appeal."[5]  Nevertheless, we have

---

[2] SUPER. CT. CRIM. R. 61(i)(3), (4).
[3] *See* SUPER. CT. CRIM. R. 62(a)(5)(ii) (setting forth the procedure for objecting to a Commissioner's report and recommendations).
[4] *Maniscalco v. State*, 2017 WL 443725 (Del. Jan. 10, 2017).
[5] SUPER. CT. CRIM. R. 62(b).  *See also Maniscalco*, 2017 WL 443725, at *2 ("Having failed to object to the Commissioner's report, Maniscalco has waived his objections to the report and cannot raise those objections in this appeal.").

carefully considered Johnson's claims and concluded that the Superior Court's judgment should be affirmed.

(9)    To prevail on a claim of ineffective assistance of counsel within the context of a guilty plea, Johnson was required to show that (i) his counsel's conduct fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that, but for the alleged errors of counsel, the movant would not have pleaded guilty and would have insisted on going to trial.[6]  A defendant must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[7]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[8]

(10)    In this case, Johnson's claims of ineffective assistance of counsel are not supported by the record.   Johnson's counsel moved for suppression and conducted a thorough cross-examination of the testifying police officers concerning the alleged inconsistencies in their statements.   The Superior Court denied the motion to suppress, after which Johnson decided to plead guilty.  Johnson merely seeks to repackage his suppression claims as claims of ineffective assistance of

---

[6] *Duffy v. State*, 2019 WL 459982 (Del. Feb. 5, 2019).
[7] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[8] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

counsel;[9] he has not shown that counsel's representation was professionally unreasonable, nor has he identified any grounds for a suppression motion that likely would have resulted in a different outcome.[10] The record also reflects that counsel investigated Johnson's case, including by attempting to obtain any video footage of the arrest and by contacting potential witnesses identified by Johnson, who were either uncooperative or whose accounts were unhelpful to Johnson.

(11) Finally, by pleading guilty, Johnson reduced his potential period of incarceration by many decades. Under these circumstances, Johnson cannot demonstrate a reasonable probability that the outcome of his case would have been better for him if he had gone to trial rather than enter into a plea agreement.[11] We therefore conclude that Johnson's claims of ineffective assistance of counsel are without merit.

(12) To the extent that Johnson contends that his other claims of error warrant reversal separate from his assertion of ineffective assistance of counsel, those claims are procedurally barred, as determined by the Commissioner, and were waived by his guilty plea. Johnson could have raised the claims at trial if he had

---

[9] *Chattin v. State*, 2012 WL 5844886, at *1 (Del. Nov. 16, 2012) ("Chattin's ineffective assistance claim is more properly viewed as a claim of insufficient evidence, which . . . is procedurally barred as previously adjudicated.").

[10] *See Robinson v. State*, 2006 WL 1041795 (Del. Apr. 18, 2006) (affirming denial of motion for postconviction relief because counsel was not ineffective for failing to file a suppression motion that would have been denied, and therefore "counsel committed no error that could have undermined [defendant's] decision to plead guilty").

[11] *Jobes v. State*, 2019 WL 949374 (Del. Feb. 25, 2019).

gone to trial, but he did not. Instead, he chose to enter into the plea agreement. A knowing, intelligent, and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea.[12]

(13) During Johnson's plea colloquy, he indicated that he understood that he was waiving certain trial rights by pleading guilty, including his right to require the State to prove each element of the charges against him beyond a reasonable doubt. He also indicated that no one had coerced him into entering the plea, and he expressed satisfaction with his counsel's representation. Absent clear and convincing evidence to the contrary, Johnson is bound by his sworn representations during the guilty plea colloquy.[13]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[12] *Smith v. State*, 2004 WL 120530 (Del. Jan. 15, 2004).
[13] *Palmer v. State*, 2002 WL 31546531 (Del. Nov. 13, 2002).